(49 Misc. Rep. 508)

### BRETTNER v. WESTCHESTER ELECTRIC RY. CO.

(Supreme Court, Appellate Term.    February 27, 1906.)

CARRIERS—INJURY TO PASSENGER—ACTION—QUESTION FOR JURY.

In an action against a street railway company for injuries to a passenger, the questions of defendant's negligence and plaintiff's contributory negligence *held* for the jury.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1315-1325, 1402.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Henrietta Brettner against the Westchester Electric Railway Company.    From a judgment in favor of plaintiff, defendant appeals.    Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

William E. Wezver, for appellant.

Max Sheinart, for respondent.

GREENBAUM, J.   It seems to me that this case is distinguishable from Clark v. Metropolitan Street Railway Company, 68 App. Div. 49, 74 N. Y. Supp. 267.   In the latter case the plaintiff attempted to board the defendant's open car before the step had been lowered, and it there also appeared that "he knew that the step had to be lowered before the car could proceed uptown," and that he assumed that it had been lowered because the bar was raised, but there was nothing to justify that assumption.   In the case before us the testimony of plaintiff was that, when the car reached the station, and when she attempted to board the car, the upper cross-bar was up and the step of the car was down; that the side on which she boarded the car was on the track nearest to the building where she and other passengers were waiting for the car; that the other side of the car was next to another track, upon which were cars; that other passengers were boarding the car, without objection on the part of the car officials, on the same side that she was getting on; that the bar was down on the other side; and that she did not know, nor does she now believe, that she was getting on the car on the wrong side.   The accident happened at what is known as the "Mount Vernon Transfer Station," in a car bound for New Rochelle.   It was not shown that plaintiff had any familiarity with cars at this point, and indeed no evidence was introduced tending to show that it was not entirely proper to board the car on the side where plaintiff was injured.   Where all the conditions were such as to justify a passenger in assuming that she may safely board a car, where no warning is given by the officials, and where before a passenger is fully seated the conductor in charge, without warning, lowers the upper bar, so that it injures a passenger, who has her hand on one of the upright stanchions while in the act of taking a seat, the question of defendant's negligence and plaintiff's freedom from negli-

gence were properly questions of fact for the court, sitting as a jury, to pass upon.

Defendant submitted no proof as to the details of the accident, and no good reason exists for disturbing the judgment.

Judgment affirmed, with costs and disbursments to respondent. All concur.